UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

H&R Block Enterprises, Inc.,

  Plaintiff,

v.                Civ. No. 06-608 (JNE/JJG)
                  ORDER
Mary Short and
AAA Tax Specialists, Inc.,

  Defendants.

Tracy Van Steenburgh, Esq., and David A. James, Esq., Halleland, Lewis, Nilan & Johnson, P.A., appeared for Plaintiff H&R Block Enterprises, Inc.

Roger A. Jensen, Esq., Jensen, Bell, Converse & Erickson, P.A., appeared for Defendants Mary Short and AAA Tax Specialists, Inc.

  H&R Block Enterprises, Inc. (H&R Block), brought this action against Mary Short and AAA Tax Specialists, Inc. (collectively, Defendants), alleging breach of contract against Short and tortious interference with contractual relations and misappropriation of trade secrets against both Defendants. The case is before the Court on H&R Block's motion for a temporary restraining order or preliminary injunction on the breach of contract claim. Because all parties were present at the hearing, the Court will consider the motion as one for a preliminary injunction. For the reasons set forth below, the Court grants the motion in part and denies the motion in part.

## I. BACKGROUND

  H&R Block provides tax preparation and related services to companies and individuals throughout the United States. Short was employed as a tax preparer for H&R Block in its St. Paul district for twenty-five years. During her employment, Short executed a Premium Tax

1

Service Tax Professional Employment Agreement (Employment Agreement). The Employment Agreement, dated December 1, 2003, provides:

> Associate agrees that, without the Company's prior written authorization, Associate shall at no time during or after employment by the Company (1) make copies of, reproduce or remove from Block offices any Confidential Business Information; (2) directly or indirectly make known, divulge, misappropriate, or communicate to any person or entity any such Confidential Business Information; or (3) use such Confidential Business Information for any reason other than to enable the Associate to properly and completely perform Associate's duties hereunder.

Employment Agreement ¶ 9. The Employment Agreement defines Confidential Business Information in relevant part as "names, addresses, telephone numbers, social security numbers or tax return information of one or more clients or employees of the Company." *Id.* The Employment Agreement further provides:

> **11. Noncompetition Covenant**
>
> Associate covenants that for two (2) years following the voluntary or involuntary termination of Associate's employment (such period to be extended by any period(s) of violation), Associate shall not, directly or indirectly, provide any of the following services to any of the Company's Clients: (1) prepare tax returns, (2) file tax returns electronically, or (3) provide bookkeeping or any other alternative or additional service that the Company provides within the Associate's district of employment. Company clients are defined as (i) every person or entity whose federal or state tax return was prepared or electronically transmitted by the Company in the Associate's district of employment during the 2003 or 2004 calendar year, and (ii) every person or entity for whom the Company provided bookkeeping or other alternative or additional services within the Associate's district of employment during the 2003 or 2004 calendar year. For purposes of this definition, Company includes a Block associate in violation of his or her employment agreement. Associate acknowledges that the Company has made available to associates information regarding the geographic boundaries of the district.
>
> **12. Nonsolicitation Covenant**
>
> Associate covenants that for two (2) years following the voluntary or involuntary termination of Associate's employment (such period to be extended by any period(s) of violation), Associate shall not directly or indirectly solicit or divert

the Company's Clients or otherwise interfere with the Company's continuing relationships with its clients. Company Clients are those defined in Section 11.

On December 31, 2004, Short resigned from H&R Block. Less than one month later, on January 26, 2005, she formed AAA Tax Specialists, Inc. On or about February 9, 2005, she sent postcards to some of her former H&R Block customers. The postcards stated:

> After being involved in your personal finances for these years, I wanted to let you know that I have ended my relationship with H&R Block.
>
> I am sorry for any inconvenience to you.
>
> I had too many problems with policies and pricing, as well as personal issues, which caused me to find employment elsewhere.
>
> If you have any questions or need help, please feel free to call me at 651-489-6939.
>
> Mary Short

H&R Block seeks an Order enjoining Defendants from soliciting or providing services to current and former H&R Block customers in the St. Paul district. In addition, H&R Block seeks an Order granting H&R Block the right to conduct expedited discovery.[1]

## II.   DISCUSSION

To determine whether to grant injunctive relief, a court must consider: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm absent the injunction; (3) the balance between this harm and the harm experienced by other parties if the injunction issues; and (4) the public interest. *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). Injunctive relief is an extraordinary remedy, *see Calvin Klein Cosmetics Corp. v. Lenox*

---

[1] In its Proposed Order, H&R Block also asked the Court to impose an injunction prohibiting Defendants from soliciting or employing H&R Block employees or violating the Employment Agreement in any other way. Moreover, H&R Block sought the return of any and all confidential information and trade secrets Defendants have in their possession. H&R Block has not pursued or provided any authority for these requests. As a result, H&R Block's motion is denied as to these requests.

*Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987), and the party requesting the injunction bears the "complete burden" of proving they are entitled to such relief. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987). While no one factor is determinative, likelihood of success on the merits is generally the touchstone inquiry. *Dataphase*, 640 F.2d at 113*; see also S & M Constructors, Inc. v. Foley Co.,* 959 F.2d 97, 98 (8th Cir. 1992).

**A.      Likelihood of Success on the Merits**

H&R Block alleges, among other things, that Short breached the customer nonsolicitation and noncompete covenants contained in the Employment Agreement by soliciting and/or performing tax preparation services for H&R Block St. Paul district customers within two years of her resignation. H&R Block seeks to enforce those restrictive covenants.

The Employment Agreement states that it is "governed by the laws of the State of Missouri without reference to its conflict of laws principles." Under Missouri law, injunctive relief is appropriate if the noncompete covenant at issue is enforceable and the defendant possesses an opportunity to influence customers in violation of the covenant. *See, e.g.*, *Osage Glass, Inc. v. Donovan*, 693 S.W.2d 71, 75 (Mo. 1985). "A restrictive covenant in an employment agreement is only valid and enforceable if it is necessary to protect trade secrets and customer contacts, and if it is reasonable as to time and place." *Victoria's Secret Stores, Inc. v. May Dep't Stores Co.*, 157 S.W.3d 256, 260 (Mo. Ct. App. 2004). The party seeking to enforce the covenant bears the burden of demonstrating its validity. *Id.*

Here, Short agreed not to solicit or perform services for various H&R Block customers. H&R Block's interest in these customer contacts is protectable under Missouri law. *See generally Ashland Oil, Inc. v. Tucker*, 768 S.W.2d 595 (Mo. Ct. App. 1989) (enforcing injunction prohibiting employee from soliciting former employer's customers). Moreover,

4

Short's covenant not to solicit the customers is reasonable as to time: Short agreed not to solicit customers for two years following her termination. Missouri courts have found similar restrictions to be reasonable. *See, e.g.*, *Mid-States Paint & Chem. Co. v. Herr*, 746 S.W.2d 613, 617 (Mo. Ct. App. 1988). Finally, under the terms of the Employment Agreement, Short is only restricted from competing for customers for whom H&R Block associates in the St. Paul district offices performed services in 2003-2004. Thus, the covenant is reasonably limited to a narrow class of people. *See Systematic Bus. Servs., Inc. v. Bratten*, 162 S.W.3d 41, 50-51 (Mo. Ct. App. 2005) ("As the specificity of limitation regarding the class of person with whom contact is prohibited increases, the need for limitation expressed in territorial terms decreases." (quotations and citations omitted)). H&R Block has therefore satisfied its burden of demonstrating the validity of the customer contact restrictions in the Employment Agreement.

Having determined that H&R Block has satisfied its burden of demonstrating the enforceability of the restrictive covenants, the Court next analyzes whether H&R Block has demonstrated that Short has an opportunity to influence customers in violation of the restrictive covenant.[2] In that regard, H&R Block has offered evidence that, following her termination, Short used H&R Block's customer information to send postcards to her former H&R Block customers. The postcards opened by acknowledging her involvement in the customers' personal finances, informed the customers that she was leaving H&R Block, indicated that she had concerns about H&R Block's pricing, and closed by inviting the customers to call her if they required assistance. The phone number Short provided in the postcards is identical to the number listed as the contact number in the AAA Tax Specialists, Inc., Articles of Incorporation. The Court concludes that this is sufficient evidence to demonstrate that Short possesses an

---

[2] The Court notes that H&R Block is not required to show that Short actually attempted to solicit H&R Block's customers. *See Osage Glass*, 693 S.W.2d at 75.

5

opportunity to persuade H&R Block customers to terminate their relationship with H&R Block and to commence a relationship with her competing business in violation of the Employment Agreement. Indeed, the very purpose of the postcards appears to be an attempt to capitalize on such opportunity. Accordingly, the Court concludes that this factor weighs in favor of granting injunctive relief.[3]

**B.    Irreparable Harm**

"The basis for injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. Thus, to warrant a preliminary injunction, the moving party must demonstrate a sufficient threat of irreparable harm." *Bandag, Inc. v. Jack's Tire & Oil, Inc.*, 190 F.3d 924, 926 (8th Cir. 1999) (quotations and citations omitted). The court looks to Missouri law for the proper irreparable injury standard. *See Safety-Kleen Sys., Inc. v. Hennkens*, 301 F.3d 931, 935 (8th Cir. 2002). As discussed above, Missouri courts have consistently held that injunctive relief is appropriate if a noncompete covenant is lawful and the opportunity for influencing customers exists. *See, e.g., Osage Glass*, 693 S.W.2d at 75. H&R Block has satisfied its burden of demonstrating both of these requirements. There is a real threat that Short's continued efforts to solicit her former H&R Block customers will result in customers terminating their relationships with H&R Block. This is sufficient to demonstrate irreparable harm. *See Safety-Kleen Sys.*, 301 F.3d at 935-36. H&R Block's one-year delay in seeking this preliminary injunction, while troublesome, is insufficient to warrant the conclusion that H&R Block will not suffer irreparable harm absent an injunction, particularly in light of the fact that

---

[3]    At oral argument, Short suggested that she was not properly compensated by H&R Block, and, as a result, she has a valid defense to H&R Block's breach of contract claim. Because this argument was not raised in her opposition papers and she has not provided the Court with any factual or legal authority in support of her argument, the Court has no basis to evaluate this defense.

the customer noncompete covenants are still effective and the parties' businesses are customer-intensive. *See id.* at 936 & n.2. Accordingly, this factor weighs in favor of granting injunctive relief.

**C.     Balance of Harms**

The Court recognizes that an injunction may harm Short's business. Short will not, however, be required to cease business completely; she will not be deprived of a livelihood. She is simply prohibited from soliciting and performing services for certain H&R Block customers. In contrast, the Court has already determined that H&R Block will be irreparably harmed if the Court declines to issue an injunction. Accordingly, this factor weighs in favor of granting injunctive relief.

**D.     Public Interest**

Finally, the Court concludes that the public interest is served by upholding the parties' contractual obligations. *See N.I.S. Corp. v. Swindle*, 724 F.2d 707, 710 (8th Cir. 1984) (explaining that the public interest calls for the enforcement of valid agreements). Indeed, a core component of the role of a court is to uphold valid contracts. However, the Court also recognizes that Short, either individually or through AAA Tax Specialists, Inc., may have already commenced but not yet completed the taxes of some of her former H&R Block customers. In light of the fact that the April tax deadline is quickly approaching and H&R Block delayed bringing this lawsuit for a year, the Court concludes that the public interest weighs in favor of allowing Defendants to complete those customers' taxes.

In sum, after weighing all of the factors discussed above, the Court concludes that H&R Block is entitled to a limited injunction.

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. H&R Block's motion for a temporary restraining order or preliminary injunction [Docket No. 2] is GRANTED IN PART and DENIED IN PART.

2. Short is enjoined from soliciting or providing service to customers for whom the H&R Block St. Paul district offices performed tax, bookkeeping or other services during the 2003-2004 calendar year, provided Short has not already commenced performing tax-related services for those customers. With respect to those customers described above for whom Short has already commenced performing tax-related services, Short may complete the services, but is enjoined from performing for those customers any further services prohibited by the Employment Agreement.

3. Short is enjoined from using or disclosing customer contacts or lists of H&R Block.

4. The restraints imposed in this Order shall be effective until November 30, 2006, and are binding upon Short, her agents, servants, employees, and attorneys, and upon those persons in active concert or participation with her who receive actual notice of the Order by personal service or otherwise.

5. This Order shall become effective upon the posting of a bond in the amount of $40,000.00 by H&R Block.

6. The parties shall conduct expedited discovery. If the parties are unable to agree on an expedited discovery schedule, they shall contact Magistrate Judge Graham for assistance in this matter.

Dated:  March 2, 2006

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge